UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RICARDO CRUZ,

      Plaintiff,

 -against-

CAROLYN W. COLVIN, Commissioner of
Social Security,

      Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-21-14

12 Civ. 7346 (PAC) (AJP)

ORDER ADOPTING REPORT
AND RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

 Plaintiff Ricardo Cruz brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), against Defendant Carolyn Colvin, the Commissioner of Social Security (the "Commissioner"), challenging her final decision to deny him Supplemental Security Income ("SSI") benefits. The parties cross-moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Docket Nos. 11 & 15.) On July 2, 2013, Magistrate Judge Peck issued a Report & Recommendation ("R&R") recommending that the Court deny Commissioner's motion, and grant Cruz's motion for judgment on the pleadings to the extent that the case be remanded to the Commissioner.

 On August 16, 2013, Defendant timely filed objections to Magistrate Judge Peck's R&R, arguing that: (1) the decision of Administrative Law Judge ("ALJ") Hornblass, who decided Cruz's case, contained sufficient reasoning to reject Cruz's statements regarding his symptoms and limitations that were inconsistent with the finding that claimant's residual functional

1

capacity ("RFC") is not limited; (2) ALJ Hornblass properly applied the Commissioner's medical vocational guidelines to find that Cruz was not disabled; and (3) substantial evidence supports the Commissioner's determination.

In a response timely filed on August 30, 2013, Plaintiff argues that the Court adopt Magistrate Judge Peck's recommendation because: (1) ALJ Hornblass's analysis did not provide any specific reasons for finding Cruz's statements about his RFC not credible; (2) the ALJ made no finding regarding whether Plaintiff's non-exertional impairments significantly limited his occupational base, which would preclude use of the medical vocational guideline grids; and (3) the Commissioner's determination was based on an incomplete record.

For the reasons that follow, the Court adopts Magistrate Judge Peck's R&R. The case is remanded for further proceedings consistent with this Order Adopting Report and Recommendation.

## DISCUSSION[1]

### I.  Standard

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court, however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

---

[1] For the facts of this case, see *Cruz v. Colvin*, No. 12 Civ. 7346(PAC)(AJP), 2013 WL 3333040 (S.D.N.Y. Jul. 2, 2013). For the sake of consistency, this opinion uses the same notation for citations to the record as Magistrate Judge Peck's R&R.

## II. Analysis

In reviewing the Commissioner's application of the five step sequence to Cruz's disability claim, there is no dispute as to Step 1 (Cruz was not engaged in substantial gainful activity), Step 2 (Cruz demonstrated severe impairments that significantly limit his ability to do basic work activities), Step 3 (Cruz's disability was not listed in Appendix 1 of the regulations), and Step 4 (Cruz did not have the residual functional capacity to perform his past work). Since there are no disputes, and finding no clear error, the Court adopts these portions of Magistrate Judge Peck's R&R.

There are disputes, however, as to how credibility is to be determined, especially in connection with analyzing residual functional capacity; the weight to be given the opinion of one of Cruz's treating doctors; and how the medical vocational grids are to be utilized in Step 5 to ascertain what jobs are available that Cruz could perform.

### A. ALJ Hornblass's Credibility and Residual Functional Capacity Assessment

In denying Cruz SSI benefits, ALJ Hornblass stated: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 16.) In his opinion, ALJ Hornblass referred to evidence in the record to support his finding that the claimant has a residual functional capacity to perform a full range of sedentary work. The opinion fails, however, to provide an adequate assessment of why ALJ Hornblass discredited Cruz's statements about his symptoms. Where an ALJ rejects testimony as not credible, the

3

reasoning for the ALJ's finding "must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record." *Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988).

No such specificity exists here. There is an abundance of evidence in the record to support a finding that Cruz had a limited RFC, including, but not limited to: Cruz's reports that he had severe pain when he bent over or walked for a block (R. 219); Cruz's need for assistance with dressing (R. 220); Dr. Moussa's observations that Cruz could only squat halfway due to abdominal pain (R. 220) and that he had a reduced range of lumbar motion (R. 221-22); Dr. Lowe's observations of Cruz's limited range of motion (R. 237), chronic pain syndrome (R. 240), and other symptoms; the opinions of multiple mental health clinicians that Cruz has depression not otherwise specified and mood disorders (R. 338, 342 & 361; R. 367-68), which affect his concentration (R. 338; R. 367; R. 233; R. 443) and hence his capacity to do sedentary work; Dr. Branson and LSCSW Kennedy's opinions that Cruz had limited work capacity (R. 233; R. 423) and low energy (R. 338); and Dr. Virey's opinion (which postdated Dr. Moussa's by eight months) that Cruz could not work for at least one year (R. 235). In light of this evidence, the ALJ should have specified what portion of the record caused him to doubt Cruz's credibility.

Furthermore, the ALJ assessed Cruz's credibility and his residual functional capacity in reverse order. Regardless of what Defendant argues the ALJ intended by saying "claimant's statements . . . are not credible to the extent that they are inconsistent with the above residual functional capacity assessment," this boilerplate statement is problematic because it "implies that ability to work is determined first and is then used to determine the claimant's credibility." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir.2012). An ALJ cannot discredit a claimant's

4

subjective complaints *because* they do not comport with the ALJ's own RFC assessment. *See, e.g.*, *Perrin v. Astrue*, 2012 WL 4793543 at *5 (E.D.N.Y. Oct. 9, 2012); *Smollins v. Astrue*, 2011 WL 3857123 at *11 (E.D.N.Y. Sept. 1, 2011). The ALJ should have first determined the extent to which claimant's statements about the intensity, persistence, and limiting effects of his symptoms were credible in light of the objective record evidence, and then used this as one aspect of his own RFC analysis. This error must be corrected on remand.

### B. Dr. Virey's Report

Since the nature of benefits proceedings is nonadversarial, the ALJ has an affirmative duty to develop the record, even when the claimant is represented by counsel (as Cruz was here). *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010). The Commissioner's regulations provide that a treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).

In this case, the ALJ gave "little weight" to the opinion of Dr. Virey, who treated Cruz. (Tr. 17.) Dr. Virey opined that: during an eight-hour workday, Cruz could sit for one hour total and stand or walk for one to two hours total (R. 440); Cruz's fatigue, pain, and other symptoms were severe enough to frequently disrupt his attention and concentration (R. 443); and Cruz was unable to work for at least one year. (R. 235.) While it may be true that a bare conclusion as to whether a claimant is able to work is not entitled to great weight, the Doctor's opinion did not come out of thin air, and the ALJ should have made an effort to obtain the full set of records and treatment methods that Dr. Virey used to arrive at his conclusion. These records are likely the same that formed the basis of Dr. Virey's answers in the Multiple Impairment Questionnaire

submitted to the Appeals Council. (R. 438-45.) The need for such records is particularly significant in this case where other evidence in the record supports the conclusion that Cruz could not work. On remand, the ALJ should obtain and consider Dr. Virey's medical records for Cruz and explore the rationale for Dr. Virey's Multiple Impairment Questionnaire findings about Cruz's work capacity.

### C. The ALJ's Application of the Commissioner's Medical Vocational Guidelines

In Step 5 of the five-step sequence used in evaluating disability claims pursuant to 20 C.F.R. §§ 404.1520 & 416.920, the Commissioner bears the burden to "produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability but as well his age, his education, his experience, and his training." *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). The Commissioner can rely on the medical vocational guideline "grids" in making this determination. *Martin v. Astrue*, 337 F. App'x 87, 90 (2d Cir. 2009). However, "relying solely on the [g]rids is inappropriate when nonexertional limitations 'significantly diminish' plaintiff's ability to work so that the [g]rids do not particularly address plaintiff's limitations." *Vargas v. Astrue*, 10 Civ. 6306, 2011 WL 2946371 at *13 (S.D.N.Y. July 20, 2011).

In his analysis of step five, ALJ Hornblass relied on the grids as being dispositive without explaining why. While Defendant presents many arguments justifying the ALJ's implicit holding that the grids should be dispositive in this case, those justifications do not appear in the ALJ's opinion. A justification of the finding is particularly necessary in this case, since there are many facts in the record indicating that Cruz's nonexertional limitations, such as his depression, chronic pain, and low energy, negatively restricted his ability to work. Where the claimant's nonexertional limitations "'significantly limit the range of work permitted by his exertional

limitations,' the ALJ is required to consult with a vocational expert." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986)). Consultation with a vocational expert seems warranted in this case. To the extent that the ALJ treated the grids as dispositive because he found that Cruz's nonexertional limitations did not reduce his work capacity, he was required to explain that in his opinion. *Bapp*, 802 F.2d at 605. On remand, the Commissioner should take necessary steps to consider and address these issues.

## CONCLUSION

In light of the above discussion, the Court declines to reach the question of whether the Commissioner has shown that the ALJ's decision was supported by substantial evidence. Defendant's motion is denied. Plaintiff's motion for judgment on the pleadings is granted to the extent that the case is remanded to the Commissioner for further proceedings and review consistent with this Order. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
       February 21, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge